IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDREW T.,[1] | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Case No. 4:24-cv-5081 |
| LELAND DUDEK, | § | |
| Acting Commissioner of Social | § | |
| Security, | § | |
|     *Defendant.* | § | |
| | § | |

## MEMORANDUM AND ORDER[2]

*Pro se* Plaintiff Andrew T. ("Plaintiff") filed suit seeking judicial review of an administrative decision. ECF No. 1. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act ("the Act"). The Parties filed cross-motions for summary judgment. Pl.'s MSJ, ECF No. 15; Def.'s MSJ, ECF No. 17. Plaintiff seeks an order rendering benefits or remanding for further consideration and argues that the ALJ's determination of Plaintiff's RFC is not

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

[2] The district judge to whom this case transferred this matter to the undersigned based on the consent of all parties. Order, ECF No. 12.

supported by substantial evidence. ECF No. 15. Based on the briefing,[3] the record, and the applicable law, the Court determines that the ALJ's determination is supported by substantial evidence; therefore, Plaintiff's motion for summary judgment is denied and Commissioner's motion for summary judgment is granted.

I.  **BACKGROUND**

Plaintiff is 33 years old, R. 1057,[4] and completed high school. R. 48. Plaintiff worked as an escort and a sorter. R. 47. Plaintiff alleges a disability onset date of October 13, 1992. R. 44. Plaintiff claims he suffers physical impairments. R. 1057. On January 31, 2023, Plaintiff filed his application for disability insurance benefits under Title II of the Act. R. 41, 1152–53. Plaintiff based[5] his application on gastrointestinal complications, anemia, iron deficiency, and folic acid deficiency. R. 1057. The Commissioner denied his claim initially, and on reconsideration. R. 1056–71.

A hearing was held before an Administrative Law Judge ("ALJ"). Plaintiff represented himself at the hearing. R. 1022–55. Plaintiff and a vocational expert ("VE") testified at the hearing. *Id.* The ALJ issued a decision denying Plaintiff's

---

[3] Plaintiff also filed a reply. ECF No. 18.

[4] "R." citations refer to the electronically filed Administrative Record, ECF No. 9.

[5] The relevant time period is October 13, 1992—Plaintiff's alleged onset date—through March 31, 2027—Plaintiff's last insured date. R. 44. The Court will consider medical evidence outside this period to the extent it demonstrates whether Plaintiff was under a disability during the relevant time frame. *See Williams v. Colvin*, 575 F. App'x 350, 354 (5th Cir. 2014); *Loza v. Apfel*, 219 F.3d 378, 396 (5th Cir. 2000).

request for benefits. R. 41–49.[6] After the decision, Plaintiff submitted additional medical evidence. R. 10–37. The Appeals Council denied Plaintiff's request for review, finding that his additional evidence either did not show a reasonable probability that it would change the outcome of the ALJ's decision or did not relate to the period at issue, and ultimately upholding the ALJ's decision to deny benefits. R.1–4.

Plaintiff appealed the Commissioner's ruling to this court. Compl., ECF No. 1.

## II. STANDARD OF REVIEW OF COMMISSIONER'S DECISION.

The Social Security Act ("the Act") provides for district court review of any

---

[6] An ALJ must follow five steps in determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4). The ALJ here determined Plaintiff was not disabled at step five. R. 49. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date through his date last insured. R. 44 (citing 20 C.F.R. § 404.1571 *et seq.*). At step two, the ALJ found that Plaintiff has the following severe impairments: Crohn's disease, colitis, and anemia. R. 44 (citing 20 C.F.R. § 404.1520(c)). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in the regulations that would lead to a disability finding. R. 44 (referencing 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). The ALJ found that Plaintiff has the RFC to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can stand and/or walk 2 hours in an 8-hour workday; he can sit 6 hours in an 8-hour workday; he can lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; he can occasionally climb ramps and stairs; he can never climb ladders, ropes, or scaffolds; he can occasionally balance, stoop, kneel, crouch, and crawl; he can occasionally perform overhead reaching with the bilateral upper extremities; he can frequently perform gross handling and fine fingering with the bilateral hands; he must have ready access to a restroom, but not needed for greater than 10 percent of the workday; he cannot work around unprotected heights, dangerous moving machinery, or workplace hazards; and he can never drive. R. 45. At step four, the ALJ determined that through the date last insured, Plaintiff was unable to perform past relevant work as an escort and a sorter. R. 47. At step five, the ALJ determined that through the date last insured, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that exited in significant numbers in the national economy that Plaintiff could have performed: charge account clerk, order clerk, and call-out operator. R. 48 (citing 20 C.F.R. § 404.1569 and 404.1569a). Therefore, the ALJ concluded that Plaintiff was not disabled. R. 49.

final decision of the Commissioner that was made after a hearing in which the claimant was a party. 42 U.S.C. § 405(g). In performing that review:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . ., with or without remanding the cause for a rehearing. The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]

*Id.* Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied. *Id.*; *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotations omitted). It is "more than a scintilla but less than a preponderance." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The "threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

The Court weighs four factors to determine "whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history." *Conley-Clinton v. Saul*, 787 F. App'x 214, 216 (5th Cir. 2019) (citing *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995)).

A reviewing court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of Commissioner, even if the evidence preponderates against Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Even so, judicial review must not be "so obsequious as to be meaningless." *Id.* (quotations omitted). The "substantial evidence" standard is not a rubber stamp for Commissioner's decision and involves more than a search for evidence supporting Commissioner's findings. *Singletary v. Brown*, 798 F.2d 818, 822–23 (5th Cir. 1986); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting Commissioner's findings. *Singletary*, 798 F.2d at 823. "Only where there is a 'conspicuous absence of credible choices or no contrary medical evidence' will we find that the substantial evidence standard has not been met." *Qualls v. Astrue*, 339 F. App'x 461, 464 (5th Cir. 2009).

### III.    THE SHIFTING BURDEN OF PROOF.

An individual claiming entitlement to disability insurance benefits under the Act has the burden of proving his disability. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988). The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d) (1)(A) (2000). The impairment must be proven through medically accepted clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3) (2000). The impairment must be so severe that the claimant is "incapable of engaging in any substantial gainful activity." *Foster v. Astrue*, No. H-08-2843, 2011 WL 5509475, at *6 (S.D. Tex. Nov. 10, 2011) (citing *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992)). A claimant is eligible for benefits only if the onset of the impairment started by the date the claimant was last insured. *Id.* (citing *Ivy v. Sullivan*, 898 F.2d 1045, 1048 (5th Cir. 1990)).

Commissioner applies a five-step sequential process to determine disability status. *Id.* The claimant bears the burden of proof at the first four steps to establish that a disability exists. *Farr v. Astrue*, No. G-10-205, 2012 WL 6020061, at *2 (S.D. Tex. Nov. 30, 2012). The burden shifts to Commissioner at step five to show that the claimant can perform other work. *Id.* The burden then shifts back to the claimant to rebut this finding. *Id.* If at any step in the process Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Id.*

## IV.   COMMISSIONER IS ENTITLED TO SUMMARY JUDGMENT.

Plaintiff argues that the ALJ erred in evaluating Plaintiff's RFC because he "improperly disregarded key evidence provided by Plaintiff's treating physician, Dr. Malcolm Irani, whose detailed medical opinion . . .[was] dismissed by the Office

6

of Appellate Operations without adequate explanation." ECF No. 15 at 2. Plaintiff further asserts that given his symptoms, he is unable to maintain substantial gainful employment and the VE testified that there were no jobs available in the national economy that Plaintiff could perform with his symptoms. ECF No. 15 at 2.

Commissioner responds that the ALJ did not address Dr. Irani's opinion because Plaintiff submitted Dr. Irani's records to the Appeals Council and the Appeals Council properly decided that the evidence did not relate to the relevant period. ECF No. 17 at 6. Commissioner also asserts that the ALJ did not rely on the VE's testimony that Plaintiff could not work if off-task 20 percent of the workday because the record does not show that Plaintiff would be off-task 20 percent of the workday. ECF No. 17 at 7.

### A. The Appeals Council Appropriately Addressed Dr. Irani's Opinion.

Following the ALJ's written decision, Plaintiff submitted an RFC questionnaire completed by Dr. Irani on July 8, 2024, R. 12–37. Regarding Dr. Irani's opinion, the Appeals Council found:

> You submitted medical records from Malcolm Irani, M.D. dated July 8, 2024 (13 pages). The Administrative Law Judge decided your case through June 12, 2024. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before June 12, 2024. If you want us to consider whether you were disabled after June 12, 2024, you need to apply again.

R. 2. Plaintiff complains that the ALJ failed to consider the weight of Dr. Irani's opinion, instead relying on lay opinions to assess Plaintiff's RFC, and the Appeals Council improperly dismissed Dr. Irani's opinion without adequate explanation. ECF No. 15 at 2. Commissioner responds that the Appeals Council properly denied review because they acknowledged the additional evidence but found it did not relate to the period at issue. ECF No. 17.

The Court finds Plaintiff's arguments related to the ALJ's assessment of Dr. Irani's opinion are without merit. As the Appeals Council pointed out, the ALJ's written decision is dated June 12, 2024, weeks before Dr. Irani's opinion issued on July 8, 2024. R. 12–37; 41–49. As a result, it was impossible for the ALJ to weigh Dr. Irani's opinion in his disability determination. Furthermore, a review of the ALJ's RFC determination disproves Plaintiff's assertion that the ALJ relied on lay opinions. *See* R. 46, 47 (relying on Plaintiff's medical records, Consultative Examiner, Admerle Hall-Hoskins, D.O.'s opinion, and State Agency Medical Examiner, Laurence Ligon, M.D.'s opinion to determine Plaintiff's RFC).

Plaintiff's arguments related to the Appeals Council's review fare no better. The Appeals Council must consider additional evidence "only if it is new, material, and related to the period on or before the ALJ's hearing decision." *Green v. Kijakazi*, No. 4:20-CV-00475, 2021 WL 5565838, at *n.2 (S.D. Tex. Nov. 29, 2021) (quoting *Martinez v. Astrue*, 252 F. App'x 585, 587 (5th Cir. 2007) (citing 20 C.F.R. §§

404.970(b), 404.976(B))). "Reviewing the materiality of new evidence requires [the Court] to make two separate inquiries: (1) whether the evidence relates to the time period for which the disability benefits were denied, and (2) whether there is a reasonable probability that this new evidence would change the outcome of the Secretary's decision." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *see also Morado v. Colvin*, No. EP-15-CV-385-ATB, 2016 WL 4059176, at *4 (W.D. Tex. July 27, 2016) ("Evidence is material if: 1) it relates to the time period for which the disability benefits were denied; and 2) there is a reasonable probability that it would have changed the outcome of the disability determination.") (citing *Castillo v. Barnhart*, 325 F.3d 550, 551-52 (5th Cir. 2003) (per curiam)).

The Appeals Council only considers additional evidence as a basis for granting review if the claimant shows good cause for not submitting the evidence previously. *See* HALLEX I-3-5-20; *see also* 20 C.F.R. § 416.1470 ("the Appeals Council will only consider additional evidence under paragraph (a)(5) of this section if you show good cause for not informing us about or submitting the evidence").

The regulations do not require the Appeals Council to discuss the newly submitted evidence or even to give reasons for denying review. *See Sun v. Colvin*, 793 F.3d 502, 511 (5th Cir. 2015). "Although '[t]he regulations do not require the [Appeals Council] to provide a discussion of the newly submitted evidence or give reasons for denying review,' in some instances remand [may] be necessary if it is

unclear whether the [Appeals Council] evaluated the new evidence." *Nejmeh v. Colvin*, No. 4:14-CV-816, 2016 WL 642518, at *2 (N.D. Tex. Feb. 18, 2016) (quoting *Sun*, 793 F.3d at 512). New evidence submitted to the Appeals Council becomes part of the record upon which the Commissioner's decision is based, so a court considering the Appeals Council's decision must review the record as a whole to determine whether the Commissioner's decision is supported by substantial evidence, remanding only if the new evidence dilutes the record to such an extent that the ALJ's decision becomes unsupported. *Higginbotham v. Barnhart*, 163 F. App'x 279, 281–82 (5th Cir. 2006); *Morton v. Astrue*, No. 3:10–CV–1076–D, 2011 WL 2455566 at *7 (N.D. Tex. June 20, 2011).

Here, the record demonstrates that the Appeals Council did consider the newly submitted evidence, finding the opinion did not relate to the period at issue and therefore, did not affect the decision about whether Plaintiff was disabled beginning on or before June 12, 2024. R. 2. Notably, Plaintiff offers no explanation for his failure[7] to present this evidence prior to the ALJ's written decision or why this evidence was sufficient to change the ALJ's decision to deny benefits for a period

---

[7] Although Plaintiff complains that the ALJ did not "adequately solicit" Dr. Irani's opinion, this was Plaintiff's burden. ECF No. 18 at 2. *See Adam v. Soc. Sec. Admin.*, No. 2:14-CV-9, 2014 WL 12531095, at *1 (S.D. Tex. Dec. 15, 2014) ("The burden of proof is on Plaintiff to submit the medical information necessary to support his disability claim.") (citing *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994)).

of disability beginning on or before June 12, 2024.[8] *See Martinez*, 252 F. App'x 585, 587 ("This court, in turn, may remand for the consideration of additional evidence only if it is new and material, and if there is good cause for the claimant's failure to incorporate the evidence into the record in a prior proceeding.").

Plaintiff does not engage in the required analysis with respect to Dr. Irani's opinion submitted to the Appeals Council. *See* ECF No. 15. Aside from conclusory and general assertions that the Appeals Council committed error, Plaintiff fails to address how any of the additional evidence was new, material, or presented a reasonable probability of a different outcome. Therefore, Plaintiff has failed to meet his burden regarding the additional evidence submitted to the Appeals Council. *See Borra v. Kijakazi*, No. 4:21-CV-447-ALM-KPJ, 2022 WL 4089812, at *8 (E.D. Tex. Aug. 1, 2022), *adopted*, No. 421CV00447ALMKPJ, 2022 WL 4082470 (E.D. Tex. Sept. 6, 2022) (the court found the claimant failed to meet her burden regarding additional evidence submitted to the Appeals Council where the claimant did not address how any of the additional evidence was new, material, or presented a reasonable probability of a different outcome).

The Court notes, as did the ALJ, that there is no doctor's opinion that Plaintiff

---

[8] Notably, at the hearing before the ALJ on April 29, 2024, Plaintiff advised that his gastroenterologist referred him to Dr. Irani, who he was seeing at the time. R. 1027. Further, the ALJ provided Plaintiff with secure fax number through which he could submit further records to the ALJ. R. 1053–54.

is disabled and unable to work at all. R.47. All opinions before the ALJ indicated that Plaintiff could work at either the sedentary or light level. *Id.* Thus, the evidence of record supported the ALJ's conclusion. It is not for this court to reweigh the evidence even if it would reach a different conclusion. *Brown*, 192 F.3d at 496.

**B.     The ALJ Properly Considered the VE's Testimony.**

Plaintiff next argues that the ALJ improperly rejected the VE's testimony that someone with Plaintiff's symptoms would be unable to maintain substantial gainful employment. ECF No. 15 at 2. Commissioner responds that "[t]he ALJ was not required to adopt the vocational expert's testimony [] based on a hypothetical question that the ALJ did not find to be supported by the whole record." ECF No. 17 at 7.

"A hypothetical question posed by the ALJ to a VE must reasonably incorporate all disabilities of the claimant recognized by the ALJ; and the claimant or her representative must be afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the VE any purported defects in the hypothetical question." *Sloan v. Saul*, No. 4:20-CV-1829, 2021 WL 8016714, at *4 (S.D. Tex. Apr. 27, 2021), *adopted*, No. CV H-20-1829, 2021 WL 8016716 (S.D. Tex. May 18, 2021) (citing *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994)). If the ALJ's hypothetical does not incorporate all such functional limitations, then the ALJ's determination is not supported by substantial evidence. *Id.* (citing *Bowling v.*

*Shalala*, 36 F.3d at 436). Importantly, "[t]he ALJ is not required to incorporate limitations into the hypothetical questions presented to the VE that he did not find to be supported in the record." *Id.* (citing *Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988)).

"[A] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence." *K.F. v. Comm'r of Soc. Sec.*, No. 3:24-CV-00344, 2025 WL 1735525, at *1 (S.D. Tex. June 23, 2025), *adopted*, No. 3:24-CV-00344, 2025 WL 1886004 (S.D. Tex. July 8, 2025) (quoting *Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015)). "Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered." *Id.* (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). "Conflicts of evidence are for the Commissioner, not the courts, to resolve." *B. K. v. Colvin*, No. 4:24-CV-03160, 2025 WL 2393362, at *1 (S.D. Tex. July 7, 2025), *adopted sub nom. Kovar v. O'Malley*, No. 4:24-CV-03160, 2025 WL 2391766 (S.D. Tex. Aug. 18, 2025) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)).

In the instant case, the ALJ posed two different hypotheticals to the VE: one that incorporated ready access to the restroom, but the restroom would not be needed

for more than 10% of the workday and one with ready access to the restroom, but the restroom would be needed for 15% or more of the workday. R. 1049–50. In determining RFC, the ALJ ultimately found that Plaintiff "must have ready access to a restroom but not needed for greater than 10 percent of the workday" and then relied on the VE's answers to that responsive hypothetical. R. 45.

The Court cannot reweigh the record evidence. Here, the ALJ's finding that Plaintiff would not need to use the restroom for greater than 10% of the workday is supported by substantial evidence. R. 45–47 (relying on the record's objective medical evidence and Dr. Laurence Ligon's opinion and finding that although Plaintiff testified that he used the restroom 12-24 times every day, Plaintiff's extensive work history in 2019 and 2020 and a lack of medical evidence undermined this testimony). The evidence that could support finding that Plaintiff would require greater restroom usage does not undercut the ALJ's finding. The ALJ made a sufficiently supported finding—the Court may not now reweigh the record evidence to find for Plaintiff. Here, the ALJ's hypothetical to the VE incorporated all limitations that the ALJ found were supported in the record. *See Sloan*, 2021 WL 8016714, at *4. Accordingly, Plaintiff has not demonstrated harmful error. The ALJ's decision stands.[9]

---

[9] Plaintiff seemingly raises new arguments in his reply, *e.g.*, that Dr. Hall-Hoskins's assessment was insufficient, the RFC fails include his chronic pain and fatigue, the ALJ mischaracterized the record. *See* ECF No. 18. Plaintiff may not raise new issues for the first time in his reply—those

## V.   CONCLUSION

Therefore, it is **ORDERED** that Plaintiff's motion for summary judgment, ECF No. 15, is **DENIED**. It is further **ORDERED** that Commissioner's motion for summary judgment, ECF No. 17, is **GRANTED**. The decision of the Commissioner is **AFFIRMED**. This case is **DISMISSED WITH PREJUDICE**.

Signed at Houston, Texas, on December 1, 2025.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**

---

issues are waived. *See Turn2 Specialty Companies LLC v. XL Specialty Ins. Co.*, No. 4:23-CV-00531, 2024 WL 3430587, at *n.11 (S.D. Tex. June 18, 2024), *adopted*, No. 4:23-CV-00531, 2024 WL 4219738 (S.D. Tex. Sept. 16, 2024) (citing *Hernandez v. United States*, 888 F.3d 219, 224 n.1 (5th Cir. 2018)).